
McDowell
Hetherington LLP

Michael D. "Matt" Matthews, Jr., Partner
1001 Fannin Street, Suite 2400
Houston, Texas 77002
Ph: 713.337.8879 // F: 713.333.8859
matt.matthews@mhllp.com

February 19, 2026

The Honorable Philip M. Halpern
United States District Judge, Southern District of New York

Re: *Weinberg, et al. v. CleanChoice Energy, Inc.*; No. 7:23-cv-09685

Dear Judge Halpern:

Pursuant to F.R.C.P. 37(a)(1), L.R. 37.2, and Your Honor's individual practices, following good faith meet and confer efforts by video conference and letter, Defendant writes to request a conference to resolve its disputes on Plaintiffs' responses to written discovery as follows.[1]

**Rog. No. 2**: **Plaintiffs** [...] **tracts they say govern their dealings with CleanC**[...]

Plaintiffs' objection to [...] on interrogatory" is baseless. In line with L.R. 33(a), [...] out "the existence, custodian, location, and general d[...] ormation of a similar nature." Plaintiffs' insistence th[...] t they claim are the parties' contracts in a lawsuit a[...]

**Rog. No. 3, RFP Nos.**[...] **not provide information or documents about othe**[...] **tracted in the relevant time**.

Plaintiffs' written objections are based on L.R. 33.3 (which was baseless as Rog. No. 3 goes to "the existence, custodian, location, and general description of relevant documents") and relevance. During the meet-and-confer, Plaintiffs pivoted to arguing that "nothing about [other] ESCOs is relevant" and that they will produce only CleanChoice-specific documents. That position is untenable. Materials reflecting Plaintiffs' experiences with other ESCOs are plainly relevant to their reasonable expectations and are thus discoverable.

**Rog. Nos. 4–9**: **Plaintiffs object in full and will not provide information underlying Plaintiffs'**

The boxed stamp reads:

> Application for a discovery conference granted. An in-person conference has been scheduled for April 2, 2026 at 2:30 p.m. to be held in Courtroom 520 of the White Plains courthouse.
>
> The Clerk of Court is respectfully requested to terminate the letter-motion pending at Doc. 73.
>
> SO ORDERED.
>
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>         February 20, 2026

---

[1] Plaintiff Joanne Sudakow's responses to CleanChoice's requests for production and interrogatories are attached as Exhibits A and B, respectively; Plaintiff Michael Wexler's responses are attached as Exhibits C and D. Because Plaintiffs' objections and responses are largely identical, they are addressed collectively in this letter.

Texas ∗ California ∗ Florida



**allegations relating to Plaintiffs' damages, including any information about their allegations of "profit margins" of other "suppliers of electricity in the market," "costs and overhead expenses," what CleanChoice's rate "would have been" by Plaintiffs' expectations, the amounts CleanChoice allegedly "wrongfully . . . collected," and Plaintiffs' alleged "injuries."**

The requested damages-related information is squarely within the scope of L.R. 33.3(a). Plaintiffs insist that CleanChoice should hold its timely interrogatory in abeyance until Plaintiffs' experts have weighed in. But CleanChoice is entitled to know *now* the basis for the many allegations Plaintiffs made about their damages in their Complaint.

**RFP Nos. 14, 15, 16, 17, 18**: **Plaintiffs object in full and will not provide the facts, data, formulas, or calculations underlying the cost and rate allegations in their Complaint.**

Neither facts nor data can be privileged, and any privilege that could have attached to calculations was waived when resultant figures were included in the Complaint Plaintiffs publicly filed. *See also* Fed. R. Civ. P. 26(a)(1)(A)(iii) (imposing duty to disclose "a computation of each category of damages claimed by the disclosing party"). In the *Dover* case Plaintiffs cite below, the court only held that an "inadvertently produced" spreadsheet—not the consulting expert's underlying data—was privileged. *Dover v. Brit. Airways, PLC (UK)*, No. CV 2012-5567, 2014 WL 4065084, at *2 (E.D.N.Y. Aug. 15, 2014). The court found it "significant" that there, unlike here, the plaintiffs "ha[d] already provided the underlying data used by their consulting expert . . . ." *Id*. CleanChoice's request thus is entirely consistent with *Dover*, and CleanChoice is entitled to the information on which Plaintiffs' allegations purportedly are based.

**RFP Nos. 20, 21, 22**: **Plaintiffs object in full and will not provide documents about eco-friendly energy-efficient products they used or were interested in.**

The information requested is relevant to Plaintiffs' reasonable expectations, which impact both their energy-source and pricing claims. Their blanket objection to producing any documents that bear on their understanding of green products outside of CleanChoice and renewable energy-specific documents and utility bills is wholly unjustified.



**RFP No. 46: Plaintiffs object in full and will not provide non-privileged communications between their attorneys and any person other than themselves or their experts.**

There is no basis to withhold such material, which by the terms of the request is both relevant and not privileged. Even still, Plaintiffs' counsel claims that any communications they may have had with putative class members are both irrelevant and privileged but they will not even confirm whether any exist. That is unjustified. At a minimum, Plaintiffs must identify any such putative class members and disclose the nature of such communications so that CleanChoice can assess Plaintiffs' claim of privilege. *See, e.g. Rahman v. Smith & Wollensky Rest. Grp., Inc.*, 2007 WL 1521117, at *10-12 (S.D.N.Y. May 24, 2007) (compelling plaintiff to identify "any and all contacts or communications" with putative class members, including the persons' names).

**Plaintiffs' Position:** Plaintiffs have searched for and produced every document they have concerning CleanChoice. Defendant's discovery complaints lack merit.

**The Interrogatories At Issue Are Precluded By Local Rule 33.3.** The Local Rule limits initial interrogatories to the identification or witnesses, documents, and computation of damages. Defendant's interrogatories at issue exceed the scope of the Local Rule.

**Interrogatory No. 2** is a premature contention interrogatory asking Plaintiffs to identify contracts they "contend" they entered into with Defendant. But this Court has already decided the applicable contract in this action. *See Sudakow v. CleanChoice Energy, Inc.*, 153 F.4th 280, 285 (2d Cir. 2025) ("[T]he district court correctly concluded that the Enrollment Agreement was a binding contract."). Plaintiffs have produced that contract, which is attached to the Amended Complaint.

**Interrogatory No. 3** asks Plaintiffs to identify other companies from whom they received electricity. But Defendant offers no argument or citation to authority explaining why Plaintiffs' dealing with other companies is relevant to either Plaintiffs' pricing claim (alleging that



CleanChoice charged a rate that was higher than its contractual and marketing promises), or their clean energy claim (alleging that CleanChoice falsely claims that the electricity it sold Plaintiffs is 100% clean and non-polluting when it is not). This interrogatory is also outside the bounds of Rule 33.3 as it does not seek the identification of documents or witnesses. For the same reason, **RFP Nos. 8 and 12** seek irrelevant information about other electricity suppliers.

**Interrogatories Nos. 4 and 5** ask Plaintiffs to identify the factual basis of various allegations in the complaint, which are precluded by Rule 33.3. **Interrogatory No. 6** is also a contention interrogatory (asking what rate Plaintiff "contend[s]" CleanChoice should have charged).

**Interrogatories Nos. 7–9** seek the basis of allegations in the Complaint regarding injury, not "the *computation* of each category of damage alleged." Admitting as much, Defendant claims that it "is entitled to know *now* the basis for the many allegations Plaintiffs made about their damages in their Complaint." Moreover, the Amended Complaint contains the calculations Plaintiffs allege before having the benefit of discovery. *See* ECF Nos. ¶¶ 74-81. Discovery will include the production of, among other data, the actual costs CleanChoice incurred to provide the electricity it sold Plaintiffs. Plaintiffs are not in a position to provide final damages calculations until their experts have examined that data and performed the calculations.

**RFP Nos. 14 and 15** seek the data and formulas for the tables at Paragraphs 71 and 73 of the Amended Complaint, which simply compare CleanChoice's variable rate to the rate the utility charges its customers and the wholesale market costs CleanChoice paid for electricity. That data comes from public sources with math performed by a consulting expert who will not testify. Plaintiffs have nothing to produce that is not in the Complaint or privileged work product from her consulting expert. *See* Dover *v. Brit. Airways, PLC (UK)*, No. 2012 Civ. 5567, 2014 WL 4065084, at *1–*2 (E.D.N.Y. Aug. 15, 2014) (declining to compel spreadsheets and data from consulting

February 19, 2026
Page 5



expert based on public information protected from disclosure under Rule 26(b)(4)(D) even though they underpinned complaint's allegations). That the genesis of the motion to compel in *Dover* was an "inadvertently produced spreadsheet" only strengthens its persuasiveness. Even though the plaintiff produced this spreadsheet, the court held that it was still privileged and need not be produced, even though the calculations in the spreadsheet formed the basis of allegations in the complaint:

> Defendant contends that plaintiffs waived any protection by putting the r-squared analysis and spreadsheets at issue in allegations in the Complaint and in submissions and at oral argument on the motion to dismiss . . . This Court finds significant that plaintiffs state they do not intend to use the same r-squared analysis at trial and have already provided the underlying data used by their consulting expert in his regression analysis. Importantly, plaintiffs also advise that they intend to use different experts at trial who will base their analyses on information obtained in discovery beyond what was publicly available pre-litigation.

*Dover* at \*2. All of that is also true here. And Defendant has access to this public data and the simple math performed in the tables. Likewise, **RFP Nos. 16 and 17** seek information regarding CleanChoice's own costs; all responsive information is either privileged, in the Complaint, has been produced, or is publicly available. The same is true for **RFP No. 18.**

**Regarding RFP Nos. 20–22**, Defendant complains that Plaintiffs will not provide documents about "eco-friendly energy-efficient products they used or were interested in." Of course not; whether Plaintiffs buy energy efficient appliances is irrelevant to this litigation.

**RFP No. 46** seeks communications between Plaintiffs' attorneys and other CleanChoice customers. But Defendant makes no argument as to why such communications are relevant. Moreover, the only communications Plaintiffs' attorneys have had with other customers were the result of those customers seeking to obtain legal advice and are thus privileged.

We appreciate the Court's time and attention.

February 19, 2026
Page 6



Respectfully submitted,

Michael D. "Matt" Matthews, Jr.

cc:  All counsel of record (via CM/ECF)